UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSS BOYER, on behalf of himself and all others similarly situated,<br><br>              Plaintiffs,<br>v.<br>AT&T MOBILITY SERVICES, LLC, a Delaware company; and DOES 1 through 100,<br>              Defendants. | Civil No.  10CV1258 JAH (WMc)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION AND DENYING DEFENDANT'S MOTION TO STAY** |

### INTRODUCTION

Pending before the Court is defendant's Motion to Compel Arbitration and to Dismiss Claims or, in the Alternative, to Stay Case. For the reasons below, the Court GRANTS IN PART and DENIES IN PART defendant's motion.

### BACKGROUND

Plaintiff filed a First Amended Complaint ("FAC") asserting the following claims for relief: 1) Fraud in the Inducement; 2) Violation of the Consumer Legal Remedies Act ("CLRA");  3) Violation of the Unfair Competition Law ("UCL"); and 4) False and Deceptive Advertising. According to the FAC, defendant AT&T Mobility Services, LLC ("ATTM") engaged in the deceptive

business practice of informing consumers who purchased the iPhone along with a data service plan that a specific plan costing forty-five dollars per month, known as the Enterprise Data Plan ("EDP), would be necessary if the consumer wished to use their iPhone to connect to corporate email, company intranet sites, or other business applications [hereinafter "business applications"]. Comp ¶1. The FAC alleges defendant falsely stated that the thirty dollar per month unlimited data plan would not allow user access to business applications; however, the thirty dollar data plan in fact allows users to access business applications, making the more expensive EDP unnecessary. Plaintiff seeks to bring an action on behalf of both a nationwide class and a State of California class, comprised of "All persons or entities who, at any time from January 1, 2007 to the time of commencement of trial in this action, are AT&T account holders who purchased the 'Enterprise Data Plan for the iPhone' from an authorized AT&T retailer." Comp ¶ 23-28.

After filing its Answer, Defendant AT&T Mobility LLC ("ATTM") filed the instant Motion to Compel Arbitration and Dismiss Claims or, in the Alternative, to Stay Case. Plaintiff filed an Opposition and defendant filed a Reply.

## DISCUSSION

**A.    Legal Standard**

Under the Federal Arbitration Act ("FAA"):

> a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. 9 U.S.C. §2.

The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218 (1985). As such, there is liberal policy favoring arbitration. Moses H. Cone Memorial Hosp. v. Mercury Const. Corp., 460 U.S. 1 (1983). However, "state law, whether of legislative or judicial

origin, is applicable if that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." Perry v. Thomas, 482 U.S. 483, 492 n.9. Therefore, "generally applicable contract defenses, such as fraud, duress or uncsoncionability, may be applied to invalidate arbitration agreements without contravening Section 2" of the FAA." Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996).

In a motion to compel arbitration, the court may not review the merits of the action but must limit its inquiry to "(1) whether the contract containing the arbitration agreement evidences a transaction involving interstate commerce, (2) whether there exists a valid agreement to arbitration, and (3) whether the dispute(s) fall within the scope of the agreement to arbitrate." Estrella v. Freedom Financial, 2011 WL 2633643, at *3 (N.D.Cal. 2011)(citing Republic of Nicaragua v. Standard Fruit Co., 937 F.2d 469, 477-78 (9th Cir. 1991). "If the answer to each of these queries is affirmative, then the court must order the parties to arbitration in accordance with the terms of their agreement." Id. (citing 9 U.S.C. §4).  In sum, under the FAA the scope of federal court authority to invalidate arbitration agreements under state law contract principles is limited to determining "whether the arbitration clause at issue is valid and enforceable under §2 of the Federal Arbitration Act . . . In making this determination, federal courts may not address the validity or enforceability of the contract as a whole." Tiknor v. Choice Hotels Intern., Inc., 265 F.3d 931, 937 (9th Cir. 2001).

**B.     Analysis**

According to Defendant, plaintiff signed ATTM's Terms of Service which contains an agreement by both ATTM and plaintiff to "arbitrate all disputes and claims between us" on an individual basis. Based on this agreement, ATTM requests this Court dismiss plaintiff's FAC and compel him to pursue any disputes through arbitration.[1]

In opposition, plaintiff argues the FAA does not apply when there is a legal basis to deny

---

[1] Defendant also requests a stay of this matter pending the U.S. Supreme Court Decision in AT&T Mobility LLC v. Concepcion.  As the Supreme Court issued its opinion on this matter on April 27, 2011, and both parties have submitted supplemental briefing on the applicability of the AT&T Mobility decision to this motion, the Court DENIES defendant's request for stay as MOOT.

3

arbitration that does not relate to contract principles or is based on state law contract principles of general applicability. According to plaintiff, the arbitration agreement is unconscionable under generally applicable California contract principles due to its requirement that claims be pursued on an individual basis, rather than as a class action. Plaintiff argues the FAA is also inapplicable because his claim that he was fraudulently induced to enter the contract is based solely on common law principles of deceit, concealment, and reliance, which, if proven, would invalidate the entire agreement. In addition, plaintiff argues that the law pertaining to the California class is also exclusively based on established contract principles of general applicability, specifically the CLRA which "provide[s] citizens of the forum state with a substantive right to assert class action claims for deceptive business practices, and cannot be waived as a matter of law." Doc. 14 at 7. Finally, plaintiff contends he is not seeking contractual remedies but rather tort damages related to the fraud and argues defendant cannot "rely on its artifice of fraud to prevent judicial resolution of these claims by relying on other items in the instrument whose assent was procured by fraud." Id. at 12.[2]

The parties do not dispute the existence of an arbitration agreement, its terms, or that the agreement involves interstate commerce. The only issue is whether the arbitration agreement is unenforceable due to its requirement that all claims be pursued on an individual basis.

At the time of this motion, Ninth Circuit precedent dictated that an arbitration agreement similar to the one at issue here was unconscionable under California law due to its prohibition of class actions. See Laster v. AT&T Mobility LLC, 584 F.3d 849 (9th Cir. 2009). However, the Supreme Court recently reversed Laster in AT&T Mobility LLC v. Concepcion, and held that the FAA preempts California's rule that class arbitration waivers in consumer contracts are unconscionable. 131 S.Ct 1740 (2011). Accordingly, plaintiff's argument that the class action waiver is unconscionable under California law no longer has merit.

The only remaining issues are: 1) whether plaintiff's argument that he was fraudulently induced to enter the contract affects its arbitrability; and 2) whether the CLRA's provision that "[a]ny

---

[2] In plaintiff's declaration, he claims "he never signed any documents that included any discussion of arbitration" and that he did not receive any documents that discussed arbitration at the time of purchase. Doc. 14-1 ¶2-3. Because plaintiff does not raise these arguments in his motion, however, the Court declines to address these points.

4

waiver by a consumer of the provisions of this title is contrary to public policy and shall be unenforceable and void" renders the class arbitration waiver unenforceable. See Cal. Civ. Code §1751.

With respect to the first issue, the Supreme Court has held that fraudulent inducement claims should be submitted to arbitration when the issue is fraud in the inducement of the contract itself, like the claim at issue here, rather than fraud in the inducement of the arbitration agreement. See Prima Paint Corp v. Flood & Conklin Mfg.Co., 388 U.S. 395, 403-04 (1967); Sparling v. Hoffman Const.Co., Inc., 864 F.2d 635, 638 (9th Cir. 1988).

Regarding the second issue, the Ninth Circuit has found that because the CLRA applies only to noncommerical and consumer contracts, it is not a law of general applicability and therefore is preempted by the FAA[3]. See Ting v. AT&T, 319 F.3d 1126 (9th Cir. 2003). See also Tiknor v. Choice Hotels Int'l, Inc., 265 F.3d 931, 937 ("as long as state law defenses concerning the validity, revocability, and enforceability of contracts are **generally applied** to all contracts, and not limited to arbitration clauses, federal courts may enforce them under the FAA.")(emphasis added).[4]

---

[3] This Court notes that the California Court of Appeals has expressed its disagreement with the Ninth Circuit's reasoning in Ting, and found that the "right to bring a class action lawsuit, an unwaiveable statutory right under the CLRA, is a separate, generally available contract defense not preempted by the FAA." Fischer v. DCH Temecula Imports LLC, 187 Cal.App.4th 601, 617 (Cal. Ct. App. 2010) (citing Gutierrez v. Autowest, Inc., 114 Cal.App.4th 77, 95 (Cal.Ct. App. 2003). See also Gentry v. Superior Court, 42 Cal.4th 443 (2007)(finding class arbitration waiver unenforceable because it constituted a de facto waiver of plaintiff's unwaiveable statutory right to receive overtime pay). However, this Court is bound to follow the Ninth Circuit's ruling on this issue. See Budinich v. Becton Dickinson and Co., 486 U.S. 196, 198 ("Although state law generally supplies the rules of decision in federal diversity cases . . . it does not control the resolution of issues governed by federal statute")(internal citations omitted).
Additionally, this Court recognizes the recent California Court of Appeals decision in Brown v. Ralphs Grocery Co., 2011 WL 2685959 (Ca. Ct. App. 2011), where the court found that AT&T Mobility does not preclude plaintiffs who signed a class action waiver from bringing representative, as opposed to class, actions under the Private Attorney General Act of 2004.

[4] Plaintiff also argues that the factual distinctions between the instant matter and AT&T Mobility warrants invalidating the arbitration agreement on public policy grounds to prevent defendant from continuing to engage in fraud. Doc. 21 at 4-5. However, in response to the dissent's point that class actions are necessary to prosecute small dollar claims that might otherwise not be pursued, the AT&T Mobility Court iterated that "[s]tates cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons." AT&T Mobility, 131 S.Ct at 1753. Therefore, the Court declines to find the arbitration agreement unenforceable for public policy reasons.

5

Based on the foregoing, the Court finds that each of plaintiff's arguments lacks merit. Accordingly, the Court GRANTS defendant's motion to compel arbitration and DISMISSES plaintiff's claims.

IT IS SO ORDERED.

Dated: July 25, 2011

John A. Houston
United States District Judge